# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL LOTT**                                    **CIVIL ACTION**

**versus**                                              **NO. 14-105**

**ROBERT C. TANNER, WARDEN**              **SECTION: "R" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

On May 9, 1994, petitioner, Michael Lott, pleaded guilty to possession of stolen property under Louisiana law.  On that same date, he was sentenced to a term of fifteen months in parish prison.[1]  He concedes that he completed serving that sentence approximately two decades ago.[2]

---

[1] State Rec., Vol. I of II, transcript of May 9, 1994; State Rec., Vol. I of II, plea form.

[2] Rec. Doc. 1, p. 12.

Years later, however, petitioner again ran afoul of the law, and he was convicted in 1997 of two counts of distribution of cocaine in violation of Louisiana law.  In that proceeding, the state alleged that petitioner was a third offender, citing the 1994 conviction and a 1992 drug conviction.[3]  After a hearing, he was in fact found to be an habitual offender and was sentenced as such.[4]  On May 27, 1998, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions, vacated the habitual offender adjudication and sentence, and remanded the matter for further proceedings.[5]  On November 20, 1998, the state district court again found petitioner to be an habitual offender and resentenced him as such to a term of life imprisonment on the first count of distribution of cocaine.[6]  On May 30, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed the habitual offender adjudication, vacated the enhanced sentence, and again remanded the matter.[7]  On that second remand, the state district court resentenced petitioner as an habitual offender with respect to that first count to a term of twenty-five years imprisonment without benefit probation or suspension of sentence.[8]  On December 30, 2002, the Louisiana Fifth Circuit Court of Appeal

---

[3] State Rec., Vol. I of II, Multiple Bill of Information.

[4] State Rec., Vol. I of II, minute entry dated August 26, 1997.

[5] State v. Lott, 712 So.2d 289 (La. App. 5th Cir. 1998).

[6] State Rec., Vol. I of II, minute entry dated November 20, 1998.

[7] State v. Lott, 796 So.2d 941 (2001) (unpublished Table opinion).

[8] See State v. Lott, 836 So.2d 584, 586 (La. App. 5th Cir. 2002).

affirmed that enhanced sentence,[9] and, on October 17, 2003, the Louisiana Supreme Court then denied petitioner's related writ application.[10]

Petitioner currently remains incarcerated based on his 1997 conviction and his related habitual offender sentence which, as already noted, was enhanced based in part on the 1994 predicate conviction.

On or about January 6, 2014, petitioner filed the instant federal *habeas corpus* application challenging the validity of his **1994** conviction.[11]  The state argues that this Court lacks jurisdiction to entertain that challenge because petitioner is no longer "in custody" with respect to that conviction.[12]  The state is correct.

As the state notes, federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  Because petitioner completed the sentence imposed with respect to his 1994 conviction long before he filed this federal application in 2014, the Court lacks subject matter jurisdiction to entertain this challenge to that conviction.  Fields v. Cain, Civ. Action No. 12-2143, 2012 WL

---

[9] State v. Lott, 836 So.2d 584 (La. App. 5th Cir. 2002).

[10] State v. Lott, 855 So.2d 755 (La. 2003).

[11] Rec. Doc. 1.

[12] Rec. Doc. 14.

6674032, at *1 (E.D. La. Dec. 10, 2012), adopted, 2012 WL 6673777 (E.D. La. Dec. 20, 2012);

Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009); Johnson

v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

Out of an abundance of caution, the Court makes an additional observation.  Because

petitioner is currently incarcerated based on his 1997 conviction, and because his sentence in that

case was enhanced based in part on the 1994 conviction, this *habeas corpus* petition *could* be

construed as a petition challenging that related habitual offender adjudication and sentence.  Maleng,

490 U.S. at 493-94; Silvo, 2009 WL 3151166, at *2.  However, petitioner is clear in his federal

application that he is challenging his 1994 conviction, *not* his subsequent habitual offender

adjudication and sentence.  Moreover, in any event, it would be futile to construe the instant petition

as a challenge to that later habitual offender adjudication and sentence because petitioner's claims,

which are premised on the purported invalidity of his 1994 predicate conviction, would be

foreclosed by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001).

In Lackawanna, the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or
> collateral attack in its own right because the defendant failed to
> pursue those remedies while they were available (or because the
> defendant did so unsuccessfully), the conviction may be regarded as
> conclusively valid.  If that conviction is later used to enhance a
> criminal sentence, the defendant generally may not challenge the
> enhanced sentence through a petition under § 2254 on the ground that
> the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).

Petitioner's 1994 conviction is no longer open to direct or collateral attack, in that his

sentence for that conviction has fully expired and his limitations period for any such attack ended

- 4 -

long ago.  Therefore, <u>Lackawanna</u> would clearly prohibit him from challenging his subsequent enhanced sentence in a § 2254 petition on the ground that the 1994 conviction was invalid.  <u>See</u> <u>Silvo</u>, 2009 WL 3151166, at *2; <u>Johnson</u>, 2008 WL 1746727, at *3.[13]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Michael Lott be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[13] The Supreme Court noted that the <u>Lackawanna</u> prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963).  <u>Lackawanna</u>, 532 U.S. at 404.  However, that limited exception is clearly inapplicable in this case. The record reflects, and petitioner concedes, that he was represented by attorney Walter Amstutz in the 1994 proceeding. State Rec., Vol. I of II, transcript of May 9, 1994; <u>see also</u> Rec. Doc. 1, pp. 35-36.

The Supreme Court further noted that the <u>Lackawanna</u> prohibition may not apply if the federal *habeas corpus* petition is, effectively, the first and only forum available for review of the challenge to the prior conviction.  <u>Lackawanna</u>, 532 U.S. at 405; <u>see also</u> <u>Flot v. Cain</u>, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007).  That potential exception is also inapplicable here. Louisiana law clearly allowed petitioner to assert his claims in a timely state post-conviction application directly challenging the 1994 criminal judgment.  <u>See</u> La.C.Cr.P. art. 926 *et seq.*  Petitioner also could have challenged the constitutionality of that conviction and its use to enhance his current sentence in the later habitual offender hearing, <u>see</u> La.Rev.Stat.Ann, § 15:529.1(D)(1)(b), and in any related appeal.

- 5 -

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this thirtieth day of April, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.