UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL LOTT                          CIVIL ACTION

VERSUS                                NO: 14-105

ROBERT C. TANNER, WARDEN              SECTION: R(2)


**ORDER AND REASONS**

Michael Lott, a state prisoner currently confined at the Rayburn Correctional Center in Angie, Louisiana, petitions the Court for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.[1] Magistrate Judge Sally Shushan has recommended that Campbell's petition be dismissed for lack of subject matter jurisdiction.[2] The Court has reviewed *de novo* the petition, the state's response, the record, the applicable law, Judge Shushan's Report and Recommendation, and petitioner's objections thereto. The Court hereby approves the R&R and adopts it as its opinion, with the following additions. Accordingly, Lott's petition is dismissed.

Judge Shushan correctly determined that this Court lacks jurisdiction to entertain Lott's challenge to his 1994 conviction for possession of stolen property because the sentence imposed for

---

[1]    R. Doc. 1.

[2]    R. Doc. 15.

that conviction has fully expired.[3] *See Maleng v. Cook*, 490 U.S. 488, 492 (1989).

To the extent that Lott is challenging his 1997 sentence, as enhanced by the 1994 conviction, his petition is barred by *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). *Coss* held as follows:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04 (citations omitted). Petitioner argues that because the *Coss* Court used "[t]he permissive language of **may**" in its holding, he may still challenge his enhanced sentence.[4] The Court is unpersuaded. Courts applying *Coss* have uniformly treated its holding as mandatory. *See, e.g.*, *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005) (citing *Coss*, 532 U.S. at 402); *Silvo v. Cain*, Civil Action No. 09-3692, 2009 WL 3151166, at *2 (E.D. La. Sep. 30, 2009).

---

[3]     *Id.* at 3.

[4]     R. Doc. 16 at 3.

Petitioner's contention that he falls within one of the exceptions to the rule set forth in *Coss* is likewise unavailing.[5] First, his 1994 conviction was not obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). Petitioner concedes that he had an attorney in those proceedings, but argues that the attorney provided ineffective assistance of counsel. But an ineffective assistance of counsel claim is not the same as a *Gideon* claim; the former is based on the argument that counsel's performance was inadequate, and the latter, on the argument that counsel was not appointed at all. It is well established that the first *Coss* exception is limited to violations of *Gideon* and does not encompass ineffective assistance of counsel claims. *See, e.g.*, *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (citing *Coss*, 532 U.S. 394); *Drakes v. I.N.S.*, 330 F.3d 600, 606 (3d Cir. 2003) (Sloviter, J.); *Facen v. Cully*, 787 F. Supp. 2d 278, 284 (W.D.N.Y. 2011). In fact, this proposition necessarily follows from *Coss* itself. There, the Court reversed the Third Circuit's holding that the petitioner was entitled to resentencing because his counsel was ineffective during the trial that resulted in the predicate conviction.

The second potential exception articulated in *Coss* -- for situations in which the "defendant can[not] be faulted for failing to obtain timely review of a constitutional claim," or a federal *habeas* petition is the "first and only forum available for review

---

[5]    *Cf*. R. Doc. 15 at 5 n.13.

of the prior conviction," *Coss*, 532 U.S. at 405-06 -- is not applicable either.[6] Petitioner's argument to the contrary is based on his claim that he is actually innocent of the crime for which he was convicted in 1994 and that he can support this claim with newly discovered evidence. But the evidence to which petitioner alludes -- primarily consisting of records allegedly in the State's possession at the time of the 1994 proceeding[7] -- could have been uncovered earlier. *Cf. Coss*, 532 U.S. at 405 (noting that "after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner"). Petitioner admits that his counsel in the 1994 proceeding filed a "Motion for Discovery," and the trial court responded by ordering the State to show cause why the requested materials should not be turned over to the defense.[8] But,

---

[6]     Indeed, it is not clear whether this exception actually exists. The section of the Court's opinion describing the exception was joined by only a plurality of the Court, and even the plurality explicitly declined to "determine whether, or under what precise circumstances, a petitioner might be able to use a § 2254 petition in this manner." *United States v. Clark*, 284 F.3d 563, 566-67 (5th Cir. 2002) (quoting *Coss*, 532 U.S. at 406). To date, a *Gideon* challenge is the only exception to the *Coss* rule that has been recognized by a majority of the Supreme Court. *Hamm v. Allen*, Civil Action No. 5:06-cv-00945-KOB, 2013 WL 1282129, at *37 (M.D. Ala. Mar. 27, 2013).

[7]     *See* R. Doc. 1 at 30.

[8]     *Id*. at 19; *see also* State Court Record, Vol. II of II, Motion for Discovery and Inspection.

before the State responded (and hence before any documents were produced), petitioner elected to plead guilty.[9] It is not now open to Lott to argue that the material in the State's possession "could not have [been] uncovered in a timely manner," *id.,* because he chose to forgo the opportunity to obtain that material and to plead guilty. Then he further chose not to immediately press his actual innocence claim in state post-conviction proceedings. *Cf. United States v. McMahon*, No. 04-5011, 2005 WL 115506, at *3 (10th Cir. Jan. 20, 2005) (petitioner who claimed that he was actually innocent did not fall within the second *Coss* exception because "he knew *immediately* following his guilty plea -- well before his chance to seek direct review in [state] courts expired -- that he was actually innocent"). Moreover, the record discloses that petitioner actually obtained the materials in question over ten years ago, in 2002.[10] So, as early as 2002, petitioner was able to -- and in fact did -- attack his conviction in state court on the basis of that evidence.[11] Thus, this is not a situation in which a federal *habeas* petition is the "first and only forum available for review of the prior conviction," *Coss*, 532 U.S. at 405-06. The second *Coss* exception does not apply.

---

[9]     R. Doc. 1 at 19.

[10]     State Court Record Vol. II of II, Motion to Withdraw Or Set Aside Plea of Guilty.

[11]     *See id.;* State Court Record, Vol. I of II, Application for Post-Conviction Relief and Request for Evidentiary Hearing.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. foll § 2254. A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lott's application does not satisfy these standards. As explained above, his petition is clearly barred by well-established

6

Supreme Court caselaw. Jurists of reason would not find the Court's ruling debatable.

For the foregoing reasons, the Court dismisses Lott's petition for federal *habeas corpus* relief and denies the issuance of a certificate of appealability.


New Orleans, Louisiana, this  21st  day of May, 2014.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE